## Barton, Appellant, *v.* Craighill.

*Negligence—Automobile—Beams projecting from truck—Pedestrian on street.*

Where the driver of a truck sees a pedestrian stop and move backward as if to get out of the way, and afterwards the driver turns from the straight course in which he had been driving, and the pedestrian is struck by an iron beam projecting five feet from the back of the truck, the owner of the truck is not liable for the injury sustained by the pedestrian. In such case the driver is not obliged to look back, after he had seen plaintiff's movement.

Argued October 19, 1920. Appeal, No. 178, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1919, No. 1352, for defendant n. o. v., in case of Anna E. Barton v. James R. Craighill. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before SHAFER, P. J.

Verdict for plaintiff for $2,480. SHAFER, P. J., entered judgment for defendant n. o. v. in the following opinion:

The action is by a pedestrian on a street of the City of Pittsburgh against the owner of a truck which was being driven along the street by an employee of the owner. The truck was loaded with two large iron beams, one on each side, each of which projected about five feet to the front of the truck and five feet behind.

The plaintiff's account of the matter given upon the trial is that, as she was about to cross Liberty street in front of the union depot she advanced on the street, whether upon a crossing or not she is unable to say, to the track of the street cars, there being a double track on the street; that when she arrived there she saw the truck coming from the city eastwardly and at such a rate that she could not pass in front of it; that the truck then seemed to turn to its left towards her and she stepped further back to get out of its way; and that if it had taken a straight course it would not have struck her; but as it passed it suddenly swerved to the right; that it was a dark and foggy day about 4:45 p. m. in January and she did not see the beams nor realize that there were beams on the truck and that she could not get back quick enough to get away from it, and so was struck and injured.

The negligence averred in the statement of claim is that the chauffeur "negligently swung the truck to the right thereby causing two large iron beams, which extended twelve or fifteen feet beyond the truck to swing around and strike the plaintiff." The defendant now moves for judgment notwithstanding the verdict, claiming that the evidence does not show any negligence on the part of the chauffeur of the truck.

The case seems to us to be substantially like that of Osterheldt v. People, 208 Pa. 310, except that in that case the driver was making a turn at right angles, over a crossing, whereas in the present case the turn made at most was that required in going from one side to the other side of the same street. If the chauffeur had no reason to believe that any one was near his truck who

might be struck, he of course could be guilty of no negligence in turning on the street, but as, according to the evidence, he was coming straight toward her, he must have seen her and at the same time must have seen her step back to get out of the way, showing that she knew what was approaching. We are therefore clearly of opinion that it was not his business to look back after he passed the place where he saw her get out of the way. As stated in the case cited "he was required to direct his attention in front of him to avoid collision with persons or vehicles who might be there." Why he changed his course on the street does not appear. It may be he was passing around another vehicle or a hole in the street, but from whatever reason it was done he had a right to travel on the street in that way and was not obliged to stop or keep on in a straight course because he saw a pedestrian in front or beside his vehicle who, it was evident, was aware of the situation and was getting out of the way.

Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellant.

*Drayton Heard,* with him *Sterrett & Acheson,* for appellee, were not heard.

Per Curiam, December 31, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below granting defendant's motion for judgment non obstante veredicto.

Judgment affirmed.